UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW PORONTO,

    Plaintiff,

v.

T.D. HOIST, et al.,

    Defendants.

Case No. 24-cv-10522

Honorable Robert J. White

**ORDER DENYING WELLPATH'S MOTION TO DISMISS THE AMENDED COMPLAINT BASED ON ITS BANKRUPTCY DISCHARGE**

Andrew Poronto commenced this 42 U.S.C. § 1983 action against, among others, Wellpath, LLC and two of its nurse employees, Sarah Breen and Kenneth Debus. The amended complaint alleges that Breen and Debus exhibited deliberate indifference to Poronto's underlying seizure condition, while he was incarcerated at the Macomb County jail, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. It also alleges that Wellpath failed to adequately train the nurses. The case is now consolidated to include nearly identical claims against another Wellpath nurse employee, Mary Krause.

On November 11, 2024, Wellpath filed a voluntary petition for chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas.

(ECF No. 28-1). That court confirmed the chapter 11 plan on May 1, 2025. (ECF No. 37-1). It declared that "all Claims and Causes of Action of any nature whatsoever against" Wellpath "are discharged." (ECF No. 38-1, PageID.567, ¶ 3).

Before this Court is Wellpath's motion to dismiss the amended complaint based on its bankruptcy discharge. (ECF No. 37). Poronto responded in opposition. (ECF No. 38). Wellpath filed a reply. (ECF No. 39). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).

A bankruptcy discharge typically "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Even still, placing aside certain inapplicable exceptions, the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e).

Based on these principles, federal courts have long recognized "that a tort victim may sue a debtor as a nominal defendant after the debtor is discharged from bankruptcy, as long as the suit is purposed solely to establish the debtor's liability in order to effect recovery from an insurer" or some other third party. *Mauriello v. Great Am. E & S Ins. Co.*, 554 F. App'x 382, 384 (6th Cir. 2014) (collecting cases). That means "a personal injury action is not extinguished by the debtor's discharge – [only] the collection of debtor's personal liability for the debt is rendered unenforceable."

2

*In re Rodgers*, 266 B.R. 834, 836 (Bankr. W.D. Tenn. 2001). Section 524(a)'s discharge injunction "is intended for the benefit of the debtor; it is not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required." *Id.*

The bankruptcy court's order lifting any previously imposed stays authorizes "holders of personal injury tort and wrongful death claims against" Wellpath to:

> seek determinations of [Wellpath's] liability by the appropriate civil court . . . with the [Wellpath] Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust.

(ECF No. 38-1, PageID.567, ¶ 4).

In view of this procedure, it is appropriate to maintain Wellpath as a nominal defendant in this action for the sole purpose of determining its liability for Poronto's asserted injuries. *See Mauriello*, 554 F. App'x at 384. In the event Poronto prevails and obtains a judgment against Wellpath, he may seek to collect damages from either (1) Wellpath's insurer, or (2) the Wellpath Liquidating Trust. He may not commence post-judgment collection activities against Wellpath directly.[1] Accordingly,

---

[1] Although Wellpath might expend time and money defending this case "[c]osts and expenses incurred by debtors in such situations ordinarily are insufficient reasons to prohibit a creditor . . . from proceeding against a third party to recover on a cause of action." *In re Rodgers*, 266 B.R. at 837; *see also In re Edgeworth*, 993 F.2d 51, 53-54 (5th Cir. 1993); *In re Walker*, 927 F.2d 1138, 1144 (10th Cir. 1991).

IT IS ORDERED that Wellpath's motion to dismiss the amended complaint based on its bankruptcy discharge (ECF No. 37) is denied.

Dated: September 22, 2025                s/ Robert J. White
                                         Robert J. White
                                         United States District Judge