UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW PORONTO,<br><br>　　　Plaintiff,<br><br>v.<br><br>T.D. HOIST, et al.,<br><br>　　　Defendants. | Case No. 24-cv-10522<br><br>Honorable Robert J. White |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Andrew Poronto commenced this 42 U.S.C. § 1983 action against, among others, Wellpath, LLC and two of its nurse employees, Sarah Breen and Kenneth Debus. The amended complaint alleges that Breen and Debus exhibited deliberate indifference to Poronto's underlying seizure condition, while he was incarcerated at the Macomb County jail, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. It also alleges that Wellpath failed to adequately train the nurses. The case is now consolidated to include nearly identical claims against another Wellpath nurse employee, Mary Krause.

On November 11, 2024, Wellpath filed a voluntary petition for chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas.

(ECF No. 28-1).  That court confirmed the chapter 11 plan on May 1, 2025. (ECF No. 37-1).  The plan established the Wellpath Liquidating Trust.

Before this Court is Poronto's motion for leave to file a second amended complaint to add the Wellpath Liquidating Trust and its trustee, Matthew J. Dundon, as nominal defendants. (ECF No. 41).  Wellpath responded in opposition. (ECF No. 43).  Poronto filed a reply (ECF No. 44).  The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).

Contrary to Wellpath's argument, the proposed second amended complaint does not contain new legal theories that would necessitate the filing of a revised motion to dismiss, which would delay these proceedings further. (ECF No. 40; ECF No. 43, PageID.683-84).  Nor is there any other discernible reason for Wellpath to supplement or amend its pending motion to dismiss the first amended complaint since the inclusion of the nominal defendants does not alter the substantive grounds for seeking dismissal. (ECF No. 22).

Lastly, Poronto's proposed amendment is not futile since it adheres to the procedures delineated in the bankruptcy court's June 4, 2025 order regarding the lifting of stay motions. (ECF No. 38-1). *See Baaghil v. Miller*, 1 F.4th 427, 432 (6th Cir. 2021) (stating that "a court may deny a motion to amend a complaint when the amendment would be futile."); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The

2

bankruptcy court order authorizes "holders of personal injury tort and wrongful death claims against" Wellpath to:

> seek determinations of [Wellpath's] liability by the appropriate civil court . . . with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust.

(ECF No. 38-1, PageID.567, ¶ 4).  By adding the Trust and its trustee as nominal defendants, Poronto aims to pursue this very course of action.  Accordingly,

IT IS ORDERED that Poronto's motion for leave to file a second amended complaint to add the Wellpath Liquidating Trust and its trustee, Matthew J. Dundon, as nominal defendants (ECF No. 41) is granted.

Dated: September 22, 2025                s/ Robert J. White
                                          Robert J. White
                                          United States District Judge

3