UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW PORONTO,

    Plaintiff,

v.

T.D. HOIST, et al.,

    Defendants.

Case No. 24-cv-10522

Honorable Robert J. White

**OPINION AND ORDER GRANTING NURSE KRAUSE'S MOTION TO DISMISS THE COMPLAINT**

I.    Introduction

Andrew Poronto commenced this consolidated 42 U.S.C. § 1983 action against Wellpath, LLC nurse employee Mary Krause. The complaint alleges that Krause exhibited deliberate indifference to Poronto's underlying seizure condition while he was incarcerated at the Macomb County jail, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

Before the Court is the Krause's motion to dismiss the complaint. (ECF No. 48). Poronto responded in opposition. (ECF No. 50). Krause filed a reply. (ECF No. 49). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted.

II.   Background

   A.   *Factual History*

Poronto suffers from a "seizure disorder." (Case No. 24-13197, ECF No. 1, PageID.3-4, ¶¶ 6, 9, 11). He takes several prescription medications to prevent seizures, including Clobazam and Zonisamide. (*Id.*, PageID.4, 6, 11, 13, ¶¶ 9, 11, 17, 33, 37). On April 13, 2022, Macomb County Sheriff's deputies arrested Poronto after a domestic altercation at his residence. (*Id.*, PageID.3, ¶ 9). The deputies who transported him to the Macomb County jail did not permit him to bring along his medications. (Case No. 24-10522, ECF No. 53, PageID.760, ¶ 14). During intake at the jail, Poronto informed the nursing staff about his condition, identified his medications, and the appropriate dosages. (Case No. 24-13197, ECF No. 1, PageID.6-7, ¶ 17).

Later that same day, Poronto's father called the jail and spoke with Wellpath nurse Sara Breen. (*Id.*, PageID.4-5, ¶ 11; Case No. 24-10522, ECF No. 53, PageID.761, ¶ 15). He told her about Poronto's condition, his medications, and the need to take them daily. (*Id.*, PageID.4-5, ¶ 11; Case No. 24-10522, ECF No. 53, PageID.761, ¶ 15). Breen asked Poronto's father to deliver the medications to the jail. (Case No. 24-10522, ECF No. 53, PageID.761, ¶ 15). But when he arrived at the facility, another Wellpath nurse, Kenneth Debus, refused to accept them because

2

of jail policies forbidding the distribution of outside medications. (Case No. 24-13197, PageID.4-5, ¶ 11; Case No. 24-10522, ECF No. 53, PageID.761, ¶ 15).

Krause was not present at the jail during this time. (Case No. 24-13197, ECF No. 1, PageID.5, ¶ 12). Debus called her instead to discuss his conversation with Poronto's father. In response, she ordered the jail nursing staff to provide Poronto with Clobazam and Zonisamide by 8:00 P.M. that same night. (*Id.*, PageID.5, ¶ 13). Poronto never received this medication, however, because the jail did not maintain any dosages at the facility's onsite pharmacy. (*Id.*, PageID.6, ¶ 14).

The next day, at approximately 1:11 A.M., Poronto suffered a seizure while housed in the general population unit. (*Id.*, PageID.7, ¶ 19). During the seizure, Poronto fell to the floor, hit his head, and suffered a concussion, brain damage, and fractures to his face and shoulder. (*Id.*, PageID.7-8, ¶¶ 19-20). After jail medical staff evaluated him, deputies transported Poronto to McLaren Macomb Hospital for treatment. (*Id.*, PageID,7-8, ¶ 20).

Upon returning from the hospital, Poronto experienced yet another seizure on April 15 at 11:18 A.M. (*Id.*, PageID.8, ¶ 21). Jail nursing staff contacted Poronto's father, requesting that he deliver Poronto's medications to the facility. (*Id.*, ¶ 22). Poronto's father drove to the jail, provided nursing staff with the medications, and they administered the appropriate dosages to Poronto. (*Id.*, ¶ 23). He did not suffer another seizure during the remainder of his incarceration at the jail. (*Id.*, ¶ 24).

### B. Procedural History

Poronto filed this lawsuit against Krause alleging violations of the Eighth and Fourteenth Amendments. (Case No. 24-13197, ECF No. 1). Poronto appears to have instituted this action to avoid the automatic stay entered in Wellpath's Chapter 11 bankruptcy case, filed in the United States Bankruptcy Court for the Southern District of Texas. (Case No. 24-10522, ECF 28-1, PageID.304-42). Krause moved to dismiss the complaint in December 2024. (Case No. 24-13197, ECF No. 4).

In September 2025, this Court granted Poronto's motion for relief from the bankruptcy stay to pursue his claims against nurses Breen and Debus (Case No. 24-10522, ECF No. 45), granted Poronto leave to file a second amended complaint against those nurses (*Id.*, ECF No. 52), and consolidated this case with that ongoing lawsuit since both actions stem from identical operative facts. (*Id.*, ECF No. 46).

The Court terminated Krause's pending motion dismiss the complaint and directed her to refile the motion in the consolidated action, Case No. 24-10522. (Case No. 24-13197, ECF No. 20, PageID.309). The current motion now seeks to dismiss the complaint for failing state a plausible claim for relief. (Case No. 24-10522, ECF No. 48).

### III. Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff

and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

IV. Analysis

    A.    *Fourteenth Amendment Deliberate Indifference*

Poronto was a pretrial detainee at the time of his incarceration at the Macomb County jail because "a court had yet to try or punish him." *Lawler v. Hardeman Cnty.*, 93 F.4th 919, 926 (6th Cir. 2024). Pretrial detainees possess a Fourteenth Amendment right not to be "deprive[d]" of their "life" or "liberty . . . without due process of law." U.S. Const. amend. XIV, § 1. This right, at the very least, mirrors "those afforded convicted prisoners under the Eighth Amendment." *Lawler*, 93 F.4th at 926; *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998).

The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments" upon incarcerated individuals. U.S. Const. amend. VIII; *United States v. Campbell*, 245 F. App'x 505, 508 (6th Cir. 2007). The amendment bars prison officials from "unnecessarily and wantonly inflicting pain" on inmates by acting with "deliberate indifference" to their serious medical needs. *Blackmore v.*

5

*Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quotation omitted). Deliberate indifference may take the form of delayed medical treatment, *id.* at 899, inadequate treatment, *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011), or the failure to provide any treatment. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448-449 (6th Cir. 2014).

To establish a plausible Fourteenth Amendment deliberate indifference claim, pretrial detainees must allege (1) that they suffered from an objectively "serious medical need," and (2) that "each defendant acted deliberately (not accidentally), and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023); *see also Brawner v. Scott Cnty.*, 14 F.4th 585, 596-97 (6th Cir. 2021). In plain terms, jail medical staff must recognize the potential for harm to the detainee – either through actual or imputed (because the risk is so obvious) knowledge – and then recklessly fail to prevent or avert that same harm.[1]

    1.    The Objective Prong

The objective element in a deliberate indifference claim requires a showing that the pretrial detainee faced a "substantial risk of serious harm" before suffering

---

[1] Poronto alleges violations of the Eighth and Fourteenth Amendments. (Case No. 24-13197, ECF No. 1, PageID.11). The Eighth Amendment is inapplicable, however, because Poronto was a pretrial detainee when the alleged constitutional violations occurred. And "the Eighth Amendment's protections apply specifically to post-conviction inmates." *Brown v. Chapman*, 814 F.3d 447, 465 (6th Cir. 2016).

6

an injury. *Lawler*, 93 F.4th at 928; *see also Farmer*, 511 U.S. at 834. Detainees may satisfy the objective prong if they have a serious medical need or condition. *See Lawler*, 93 F.4th at 928. Objectively serious medical conditions are ones that a physician has diagnosed "as needing treatment" or ones that are so obviously serious "that even a lay person would easily recognize the necessity for a doctor's attention." *Mattox v. Edelman*, 851 F.3d 583, 598 (6th Cir. 2017) (citation omitted).

Poronto plausibly alleges that he suffers from a serious medical condition. (Case No. 24-13197, ECF No. 1, PageID.3, 11, ¶¶ 6, 33). The complaint states that Poronto has a "seizure disorder" (he specifically identifies this disorder, at times, as epilepsy), which physicians treated with several prescription drugs. (*Id.*, PageID.3-4, 6, 11, 13, ¶¶ 6, 9, 11, 17, 33, 37). And it alleges that Poronto's medications could "not be discontinue[d] abruptly" and that "[m]issing any doses could cause seizure or make the person more susceptible to seizure because of the epilepsy." (*Id.*, PageID.4, ¶ 10).

Taken together, these averments plausibly demonstrate that Poronto suffered from a serious medical condition that required strict adherence to prescription drug treatments. *See Shreve v. Franklin Cnty.*, 743 F.3d 126, 135 (6th Cir. 2014) (stating that a seizure disorder constitutes a serious medical condition); *see also Meeks v. Skipper*, No. 21-1587, 2022 U.S. App. LEXIS 12516, at *8 (6th Cir. May 9, 2022) (holding that a seizure disorder "at least arguably" qualifies as a serious medical

7

condition); *Esch v. Cnty. of Kent*, 699 F. App'x 509, 516 n.5 (6th Cir. 2017) (holding that "seizure condition indisputably met [the] qualification" of an "objectively serious condition").

        2.       The Subjective Prong

Courts "must address the subjective component" for each jail official "individually." *Burwell*, 7 F.4th at 466; *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005). In this regard, Poronto asserts that (1) Debus informed Krause about Poronto's seizure condition, (2) Krause ordered jail nursing staff to dispense both Clobazam and Zonisamide to Poronto by 8:00 P.M. on April 13, but that (3) Krause knew "both medications were non formulary and were not in stock at the jail and that the medication had not arrived from the off-site pharmacy," and (4) Krause was aware of a heightened risk that Poronto would suffer a seizure in the event he did not receive the medications timely. (Case No. 24-13197, ECF No. 1, PageID.5, 9-10, 12-13, ¶¶ 12-13, 28, 35-36). These allegations are factually insufficient to establish a plausible claim of deliberate indifference.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

8

(citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.

Here, the complaint flatly asserts that Krause knew the jail's onsite pharmacy did not carry Clobazam or Zonisamide when she prescribed them to Poronto. (Case No. 24-13197, ECF No. 1, PageID.6, 12, ¶¶ 14, 35). But without any supporting factual allegations explaining how Krause could have known this information at the time – thereby exhibiting the requisite culpable mental state – the complaint cannot plausibly demonstrate that Krause *recklessly* failed to prevent or avert a heightened risk that Poronto would experience a seizure.

An additional theory of liability – that Krause should have directed jail nursing staff to evaluate whether Poronto was suffering from benzodiazepine withdrawal – faces the same hurdle.[2] Assuming benzodiazepine withdrawal is an objectively serious medical condition, the complaint omits any description of the symptoms associated with that type of withdrawal; it does not allege that Poronto ever exhibited withdrawal symptoms; and it neglects to explain how Krause could have otherwise known he was suffering from withdrawal when she was not present at the jail during

---

[2] Clobazam is a benzodiazepine. (Case No. 24-13197, PageID.4, ¶ 10). *See* Clobazam (oral route), Mayo Clinic, https://www.mayoclinic.org/drugs-supplements/clobazam-oral-route/description/drg-20075333 (last accessed Dec. 24, 2025).

Poronto's incarceration. (*Id.*, PageID.5, 6, 10-11, 13, ¶¶ 12, 16, 30-31, 37). So the complaint lacks sufficient allegations to plausibly establish that Krause recklessly failed to prevent or avert a heightened risk that Poronto would undergo benzodiazepine withdrawal.

For all these reasons, the Fourteenth Amendment deliberate indifference claim is subject to Rule 12(b)(6) dismissal.

### B. Amendment

As for amending the complaint, Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be freely given "when justice so requires." That means "the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (citation omitted). "[A] bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a)." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quotation omitted); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

Poronto's request for leave to amend the complaint fits this description exactly. He asks the Court to afford him the opportunity to file an amended

complaint in the event it concludes the present complaint is defective. (ECF No. 50, PageID.726-27, 747).  Yet nowhere does Poronto propose how he intends to correct the pleading deficiencies identified in Krause's motion to dismiss.

Because Poronto "submitted none of th[e] facts to aid the court in deciding whether justice require[s] the court to grant leave to amend," the requested relief must be denied. *Roskam Baking*, 288 F.3d at 906.  Accordingly,

IT IS ORDERED that Krause's motion to dismiss the complaint (ECF No. 48) is granted.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to terminate Krause from the docket as a party defendant.

Dated: December 29, 2025      s/ Robert J. White
                              Robert J. White
                              United States District Judge